# EXHIBIT C

e-Served via eFile.TXCourts.gov
9/8/2022 9:33

## CITATION –TRC 99 and 106

THE STATE OF TEXAS                                                          COUNTY OF DENTON

**CAUSE NO. 22-7396-431**

Delivered 9-14-2022
Authorized Person

**TO: ICE Enterprise, Inc., 963 S. Orchard St. Ste 200,  Boise, ID  83705 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation and petition by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| | |
|---|---|
| Court: | 431st Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 22-7396-431 |
| Date of Filing: | September 01, 2022 |
| Document: | Plaintiff's Original Individual and Class Petition |
| Parties in Suit: | Matt McCormick; ICE Enterprise, Inc. |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or<br>Party's Attorney: | Chris R. Miltenberger<br>1360 N. White Chapel, Suite 200, Southlake, TX 76092 |

Issued under my hand and seal of this said court on this the 8th day of September, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____, Deputy
Jennifer Croy

---

### Service Return

Came to hand on the _____ day of _____, 20___, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the  within  named _____ in person  a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Individual and Class Petition. at _____ _____.

Service Fee: $ _____

_____ Sheriff/Constable
_____ County, Texas

Service ID No. _____

_____
Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated:  upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure.   I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.
Subscribed and sworn to before me on this the _____ day  of _____, 20___
_____ Notary Public

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68051400
Status as of 9/8/2022 9:34 AM CST
Associated Case Party: Matt McCormick

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Chris  Miltenberger | | chris@crmlawpractice.com | 9/8/2022 9:33:37 AM | SENT |

FILED: 9/17/2022 10:07 AM
David Trantham
Denton County District Clerk
By: Jennifer Croy, Deputy

22-7396-431

No. _____

| | | |
|---|---|---|
| **Matt McCormick, individually** | § | In the District Court |
| **and on behalf two classes** | § | |
| | § | |
| Plaintiff | | |
| | § | |
| vs. | § | District Court # ___ |
| | § | |
| **ICE Enterprise, Inc.** | § | |
| | § | |
| Defendant | § | Denton County, Texas |

### PLAINTIFF'S ORIGINAL INDIVIDUAL AND CLASS PETITION

Plaintiff, Matt McCormick ("**Plaintiff**") files this action against ICE Enterprises, Inc. ("**Defendant**") and respectfully shows the Court as follows:

1. **Discovery Control Plan.**

    1.1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190 and requests the Court to enter the appropriate orders.

2. **Rule 28**

    2.1. Pursuant to TEX. R. CIV. P. 28, Plaintiff moves that any partnership, unincorporated association, private corporation or individual doing business under an assumed name substitute a true name.

3. **Parties.**

    3.1. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Prosper, Denton County, Texas.

    3.2. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

    3.3. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.4. Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

3.5. Defendant is a corporation with an address of 963 S. Orchard St. Ste.200 Boise, ID 83705.

3.6. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

3.7. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.8. Defendant is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## 4. Jurisdiction and Venue.

4.1. Plaintiff claims for himself and the Class Members monetary relief over $1,000,000 and non-monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, which is within the jurisdictional limits of this Court.

4.2. Venue is proper in Denton County because Plaintiff resides in Denton County and the actions complained about occurred in Denton County. Defendant made calls to a resident of Denton County.

## 5. Nature of Suit

5.1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress and state legislatures have been fighting back.

5.2. This action arises out of Defendant's, practice of making telemarketing calls to individuals on the National Do-Not-Call Registry without prior

express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and provisions of the Texas Business & Commerce Code.

5.3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls and was so registered for more than 31 days prior to the calls.

## 6. THE NATIONAL DO NOT CALL REGISTRY

6.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

6.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

6.3. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. Id.

## 7. TEXAS' ANTI SOLICITATION AND ROBO-CALLING STATUTES

7.1. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

7.2. Sellers engaging in telephone solicitations are required to register, among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

7.3. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

7.4. Pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

## 8. GENERAL FACTUAL ALLEGATIONS

8.1. Plaintiff is the user of his cell phone number (XXX) XXX-9117.

8.2. Plaintiff's cellular telephone number is a residential number.

8.3. Plaintiff's cellular telephone number is a telephone number assigned to a cellular telephone service.

8.4. Plaintiff's cell phone number has been on the National Do-Not-Call Registry since July 1, 2014.

8.5. Plaintiff did not provide prior express written consent (or any consent) to Defendant for the calls made by Defendant to Plaintiff.

8.6. Defendant made telephone solicitations by calling Plaintiff's cellular phone on at least the following occasions:

8.6.1. January 25, 2022; April 10, 2022; June 7, 2022; June 10, 2022 (twice); June 14, 2022; and June 15, 2022 (twice).

8.7. Defendant called Plaintiff in an effort to sell Defendant's services to Plaintiff. Those services include, but are not limited to, helping individuals complete Department of Transportation registrations. Those services are listed by Defendant on its website[1] as:

- **US DOT Number Service:** Let us obtain a US DOT number for you.
- **MCS-150 Update Service:** Let us correct or update US DOT numbers (MSCA-1 form or MCS-150 update form) for you.
- **MC Number Interstate Operating Service:** Let us help you set up your MC authority number.
- **Unified Carrier Registration (UCR) Service:** Let us register or renew your annual UCR for you.
- **Process Agent BOC-3 Filing Service:** Let us help you submit your BOC-3 form and establish process agents.
- **DOT Authority Monitoring Service:** Let us monitor your operating authority and make sure your credentials are always up-to-date and in compliance.

8.8. Prior to receiving the calls Plaintiff had no established business relationship with Defendant. To this day Plaintiff does not have an established business relationship with Defendant.

8.9. Defendant knowingly violated the Texas Business & Commerce Code TCPA when it made the Calls to Plaintiff and Defendant's violations were willful.

8.10.    The Calls were not made for emergency purposes.

8.11.    Defendant has failed to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database") does not contain Defendant's registration.

---

[1] *See* https://iceenterprise.biz/ (last accessed August 15, 2022).

8.12.    Defendant does not qualify for an exemption under § 302.052 through § 302.061 of the Texas Business & Commercial Code or any section of Chapter 302 of the Texas Business & Commercial Code.

## 9. DEFENDANT'S LIABILITY

9.1. Because Defendant's calls constitute telemarketing, Defendant was required to obtain prior express consent from the persons to whom Defendant made the calls.

9.2. Plaintiff never provided Defendant with any consent, written or otherwise.

9.3. In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(e).

9.4. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

9.5. A listing on the National Do Not Call Registry "must be honored indefinitely . . . ." *Id.*

9.6. Plaintiff's number was on the National Do-Not-Call Registry for more than 31 days prior to the calls.

9.7. Plaintiff received more than one such telemarketing call in a 12-month period, as required by 47 C.F.R. § 64.1200© for violations of 47 U.S.C. § 227(c).

9.8. Pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

9.9. As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

9.10.    Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

9.11.    Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

9.12.    In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

9.13.    Defendant violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State of Texas.

9.14.    Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

9.15.    In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

9.16.    Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent, in the following manners:

9.16.1.  Plaintiff's privacy was invaded by Defendant;

9.16.2.  Plaintiff was harassed and abused by Defendant's telephone calls;

9.16.3.  Defendant's calls were a nuisance to Plaintiff;

9.16.4.  Defendant's calls used the battery on Plaintiff's cell phone and Plaintiff had to pay to recharge the battery;

9.16.5.  Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

9.16.6.  Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

9.16.7.  Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

9.16.8.  Defendant's seizure of Plaintiff's telephone line was intrusive; and

9.16.9.  Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

9.17.    These forms of actual injury are sufficient for standing and jurisdictional purposes.

## 10. Class Action Allegations.

10.1.    The proposed Classes satisfy the requirements for a class action.

10.2.    Plaintiff brings the claims for relief alleged in this petition pursuant to TEX. R. CIV. P. 42 on behalf of himself and classes defined as follows:

10.2.1. "Texas § 302.101 Class"

    10.2.1.1.   Plaintiff and all residents of the State of Texas, from four years prior to the filing of this Petition through the date of certification, to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

10.2.2. "Texas § 305.053"

    10.2.2.1.   Plaintiff and all residents of the State of Texas, from four years prior to the filing of this Petition through the date of certification, to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(c).

10.2.3. The Texas Classes are collectively referred to herein as the "Classes."

10.2.4. The following persons are excluded from the Classes:
    10.2.4.1.   (i) the judge(s) assigned to this case and his or her staff;
    10.2.4.2.   (ii) governmental entities;
    10.2.4.3.   (iii) Defendants and their affiliates; and
    10.2.4.4.   (iv) persons who have previously released Defendant of the claims raised by this case.

10.3.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

10.4.     For example, numerous consumers have posted complaints about Defendant's illegal telemarketing practices on Google Reviews:

10.4.1. "It's been three years guys, come on. Calling incessantly to tell you something was filed incorrectly. Playing under the idea that they're just trying to help. Arguing with anything you say in regards to being removed from call lists. Then after being rude enough to argue with

your requests, they try to tell you that you're being rude. How is this even a business? Total joke." Steven Bierlink, 1 Star Google Review.[2]

10.4.2. "They are extremely unprofessional. They call you over and over trying to get you to let them file your DOT services. They spam call me all the time leaving voice messages. I have asked them multiple times to remove me from there call list. They robo call me from different numbers all the time like i am going to change my mind." The Junk Transporter, 1 Star Google Review[3]

10.4.3. "You are violating the Do Not Call list. You use an auto dialer to call me 24 times in a row. I will be reporting which individual call which I believe is a violation of $10,000 per time and I will provide them proof along with your (Michael Montgomery) recorded voice. Wish you the best" – Martin, 1 Star Google Review[4]

10.4.4. "SPAM CALL
Ignorant people when you answer
Refuses to remove numbers from call list
ONLY OUT TO LIE TO YOU AND TRY TO GET YOUR MONEY" – Dan Roylance, 1 Star Google Review.[5]

10.5.    Other consumers have filed complaints with the Better Business Bureau:

10.5.1. "Since the middle of September, we have been getting daily sales calls from this company (844) 257-7802. It is the same prerecorded message which implies that they are part of the government / government agency. I finally called to ask that our company be taken off of this list. I mentioned that the calls have basically become a form of harassment. Instead of offering to take our number off of the list, they told me that they were within their right to continue to call. Both

---

[2] https://www.google.com/search?client=firefox-b-1-d&q=Interstate+Compliance+Enterprise#lrd=0x54ae562cecad3fdb:0xfa6df64af053e767,1,,, (last accessed August 15, 2022).
[3] *Id.*
[4] *Id.*
[5] *Id.*

yesterday and today they called twice per day." BBB Complaint, October 10, 2019[6]

10.5.2. "They call constantly telling me to do a biennial update to my FMCSA, however I have no, nor have I ever had any DOT vehicles and when I asked to be removed they tell me I have to pay them to get them to go away. Not to mention I have told them I am no longer the owner of the company they are inquiring about. The company was disbanded over a year ago. They threaten fines of $1000 per day for not filing with them. They are nothing more than a shakedown. They have started finding and contacting my family and friends to push me to pay them for a service I don't use for a company I don't own. They have gone as far to contact my dead fiancés parents to push their claim." BBB Complaint, June 9, 2020[7]

10.5.3. "I do not know who these people are, I am a private citizen and no nothing of this "D.O.T. by anular new is currently do Federal Motor Carrier Safety Administration license" I have never owned a company, I would like to stop calling my cell phone multiple times a day. This is harrassment....." BBB Complaint, May 13, 2021[8]

10.5.4. "This business, interstate compliance enterprise keeps harassing us. We live in Oregon, not Idaho. We farm, not haul stuff. They need to stop harassing us. Thanks." BBB Complaint, May 14, 2021[9]

10.5.5. "In 2019 we signed up our usdot truck for a haul. We don't use it anymore and don't need it. They are calling my phone weekly threatening us with an audit or fines. They won't stop. Please help me. I told them to stop and it's getting worse." BBB Complaint, May 21, 2021[10]

---

[6] See https://www.bbb.org/us/id/nampa/profile/compliance-consulting/interstate-compliance-enterprise-1296-1000075850/complaints (last accessed August 15, 2022).
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

---

10.5.6. "These guys are a fraud they call **** times per week with robo calls claiming to need your binary update and want money when I don't even have an account. They never answer the phone or respond to stop calling just up the calls per week. I put a call block on and they just switch their numbers" BBB Complaint, December 8, 2021[11]

10.6.    The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

10.6.1. The time period(s) during which Defendant placed its calls;

10.6.2. The telephone numbers to which Defendant placed its calls;

10.6.3. The telephone numbers for which Defendant had prior express written consent;

10.6.4. The purposes of such calls; and

10.6.5. The names and addresses of Class members.

10.7.    The Classes are comprised of hundreds, if not thousands, of individuals.

10.8.    There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

10.8.1. Whether Defendant (or someone acting on its behalf) makes solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

10.8.2. Whether Defendant had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

---

[11] *Id.*

10.8.3. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

10.8.4. Whether Defendant should be enjoined from engaging in such conduct in the future.

10.9.    Plaintiff is a member of the Classes in that Defendant placed two or more telemarking calls to his phone in a one-year period when his telephone number was on the National Do-Not-Call Registry.

10.10.    Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

10.11.    Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

10.12.    Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

10.13.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent him and the Classes.

10.14.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

10.15.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

10.16.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

10.17.    Common questions will predominate, and there will be no unusual manageability issues.

## 11. FIRST CAUSE OF ACTION - Violations of Texas Business and Commerce Code, § 302.101

11.1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

11.2.    Defendant failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to violated § 302.101 of the Texas Business and Commerce Code.

11.3. Defendant placed telephone solicitations to Plaintiff's and the Class Members' telephone numbers.

11.4.    Defendant's telephone solicitations were made from a location in Texas or to Plaintiff and the Class Members located in Texas.

11.5. Plaintiff and the Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## 12. SECOND CAUSE OF ACTION – Violations of Texas Business and Commerce Code, § 305.053

12.1.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

12.2.    Defendant placed in a 12-month period at least one and may time more than one telemarketing telephone calls to Plaintiff's and the Class Members' respective telephone numbers.

12.3.　　Each of these calls violated 47 U.S.C. § 227(c).

12.4.　　Plaintiff and the Class Members are entitled to:

12.4.1. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

12.4.2. the greater of $500 for each violation or Plaintiff's actual damages (*see* Tex. Bus. & Com. Code §304.053(b);

12.4.3. the greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

## 13. Claims for Relief

13.1.The Texas Rules of Civil Procedure require that Plaintiff choose among several statements regarding the amount Plaintiff seeks. Accordingly, pursuant to Tex. R. Civ. P. 47, Plaintiff states that he seeks monetary relief over $1,000,000 and non-monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, which is within the jurisdictional limits of this Court.

13.2.　　Plaintiff also seeks a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

## 14. Conditions Precedent.

14.1.　　All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## 15. Prayer for Relief

15.1.Plaintiff prays for the following relief:

15.1.1.  An order certifying the Classes as defined above, appointing

Plaintiff as the representatives of the Classes and appointing

Plaintiff's counsel as Class Counsel;

15.1.2.  An order declaring that Defendant's actions, as set out above,
violate the Texas Business and Commerce Code because they are a
violation of 47 U.S.C. §§ 227 (c) and 47 C.F.R. §§64.1200(c);

15.1.3.  An order declaring that Defendant's actions, as set out above,
violate Tex. Bus. & Com. Code § 302.101.

15.1.4.  An award of statutory damages under the Texas Business and
Commerce Code;

15.1.5.  An award of treble damages;

15.1.6.  An award of reasonable attorneys' fees and costs, including the
costs set forth pursuant to Tex. Bus. & Com. Code § 302.302(d); and

15.1.7.  All other relief, in law and in equity, to which Plaintiff may be
entitled.

## 16. Jury Demand

16.1.    Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted:

By:    _/s/ Chris R. Miltenberger_

Chris R. Miltenberger
Texas State Bar Number 14171200

The Law Office of Chris R. Miltenberger,
PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff